CLARK etc v STATE ex PORTSMOUTH

BAR & LAW LIB ASSN

Ohio Appeals, 4th Dist, Scioto Co

Decided April 17, 1929

J Alden Staker for Clark.

John F Johnley, Portsmouth, for State ex.

HOUCK & LEMERT, JJ. of the 5th dist. sitting with MAUCK, J. of the 4th Dist.

MAUCK, J.

If it be true that the provision referred to in the act creating the Municipal Court of Portsmouth accomplishes an implied repeal to that extent of Section 3056 it must for the same reason accomplish an implied repeal of various other sections of the General Code. By Section 1177-14 certain fines collected in state cases are required to be paid to the Secretary of Agriculture. The same provision obtains in Section 1177-58. Under Section 1313 fines collected for the violation of the laws governing the practice of pharmacy are payable to the State Board of Pharmacy. According to Section 977 fines collected for the violation of the mining laws are paid to the Chief Inspector of Mines, and similar provisions will be found in other statutes. If we adopt the view urged by the plaintiff in error we would be driven to the position that while elsewhere in the state general laws provide for the payment of fines to various different officers and bodies a different rule would obtain in Portsmouth by

**314**

virtue of the special legislation creating its municipal court. The constitution authorizes the creation of a special court in a particular city but it does not authorize the legislature in creating that court to limit the operation of other laws of a general nature passed for the purpose of operating uniformly throughout the state. To give to **Section 1579-483 G.C.** the construction contended for by the plaintiff in error would be to give to that section an unconstitutional operation. An act of the general assembly is never given a construction that would render its operation unconstitutional if any other interpretation is possible. What the section refered to means, in our judgment, is that the clerk of the municipal court of Portsmouth shall monthly pay into the county treasury any proportion of the fines collected to which that treasury may under the general laws of the state be entitled.

Our conclusion is in entire harmony with the opinion of the Court of Appeals of the Second District in the case of **State ex rel Campbell v Cromer,** in Miami County, and with the authorities referred to in that opinion.

The judgement of the Common Pleas Court in this case is affirmed.

Houck and Lemert, JJ, concur.